UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER SEVERING CLAIMS |
| This document relates to: Brooks, et al. v. SmithKline Beecham, et al., No. 03-2847 | |

This matter comes before the court on the June 6, 2005 Order to Show Cause why this matter should not be remanded. Having reviewed the briefing, and being fully advised, the court finds and rules as follows:

This case includes allegations against The Delaco Company ("Delaco"), a bankrupt defendant. Plaintiffs allege that Delaco manufactured the PPA-containing Dexatrim that plaintiff Benjamin Brooks claims to have ingested. In addition, Mr. Brooks claims to have ingested a PPA-containing product manufactured by defendant SmithKline Beecham ("SKB"). On February 12, 2004, Delaco filed for bankruptcy in the Southern District of New York. Pursuant to 11 U.S.C. §362(a) of the Bankruptcy Code, all claims against Delaco are subject to an automatic stay.

On June 20, 2005, the court received an objection to remand

ORDER
Page - 1 -

1  from Delaco. Delaco objects to remand of all plaintiffs' claims,
2  but does not object to the court severing this action and remand-
3  ing only plaintiffs' claims against SKB. The court received no
4  other responses to its Order to Show Cause.

5      This court has discretion to sever an action on "its own
6  initiative at any stage of the action and on such terms as are
7  just. Any claim against a party may be severed and proceeded with
8  separately." Fed. R. Civ. P. 21. In particular, the court may
9  sever to allow proceedings against non-debtor defendants to
10 proceed. See In Re Related Asbestos Cases, 23 B.R. 523, 531-32
11 (N.D. Cal. 1982) (where claims against debtor defendant were
12 stayed, court severed claims against non-debtor joint tortfeasor
13 defendants).

14     Severance under Fed. R. Civ. P. 21 creates entirely separate
15 actions. In re Brand-Name Prescription Drugs Antitrust Litiga-
16 tion, 264 F. Supp. 2d 1372, 1376 (Jud. Pan. Mult. Lit., 2003)
17 (severance of claims under Rule 21 results in the creation of
18 separate actions); U.S. v. O'Neil, 709 F.2d 361, 368 (5th Cir.
19 1983) (Rule 21 order creates separate actions; Rule 42(b) order
20 does not). Since Delaco will not be party to the severed action,
21 determinations made therein would not be the "law of the case,"
22 and would not be binding on it.[1]

23     Underlying this decision to sever is the court's concern

---

25 [1] Although the court does not believe that it is necessary,
   it will include in this order the protective language proposed by
26 Delaco.

ORDER
Page - 2 -

about the undue delay that would result should the court decline to remand plaintiffs' claims against SKB. Because of the potential prejudice to plaintiffs and to SKB if such a delay were to occur, the court finds that severance of the plaintiffs' claims against SKB is necessary and appropriate at this juncture.

Accordingly, IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 21, that the plaintiffs' claims against SKB are severed for remand and further proceedings in the transferor court, while the plaintiff's claims against Delaco remain pending in this court. This court will recommend to the Judicial Panel of Multidistrict Litigation remand of the severed action;

IT IS FURTHER ORDERED that the Clerk shall provide a separate civil action number for the severed action, and shall also file this Order in the severed action;

IT IS FURTHER ORDERED that no proceeding in the severed action may adversely affect, in any way, Delaco or any of its successors, and that any legal or factual finding, determination or decision in the severed action be without prejudice as to Delaco or its successors.

DATED at Seattle, Washington this 19th day of July, 2005.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge